Monty Fagnan,

    Plaintiff,

v.                                              **ORDER**

City of Lino Lakes, Minnesota,
Timothy Noll, Lino Lakes Police
Officer, in his individual
capacity, Christopher Bragelan,
Lino Lakes Police Sergeant, in
his individual capacity, Mitchell
Demars, Lino Lakes Police Investigator,
in his individual capacity, William
Hammes, Lino Lakes Police Officer,
in his individual capacity, Tanya Tamm,
Lino Lakes Police Officer, in her
individual capacity, Adam Halverson,
Lino Lakes Police Officer, in his
individual capacity, Wayne Wegener,
Lino Lakes Police Officer, in his
individual capacity, Joel Martin,
Lino Lakes Police Officer, in his
individual capacity,

    Defendants.

    Frederic W. Knaak, Esq. and Knaak & Kantrud, 4501 Allendale Drive, St. Paul, MN 55127, counsel for plaintiff.

    Joseph E. Flynn, Esq. and Jardine, Logan & O'Brien PLLP, 8519 Eagle Point Boulevard, Suite 100, Lake Elmo, MN 55042, counsel for defendants.

    This matter is before the court upon the motion for summary judgment by defendants City of Lino Lakes, Minnesota (the City),

Timothy Noll, Christopher Bragelan,[1] Mitchell Demars, William Hammes, Tanya Tamm, Adam Halverson, Wayne Wegener and Joel Martin (collectively, defendants).[2] Based on a review of the file, record and proceedings herein, and for the following reasons, the court grants the motion.

## BACKGROUND

This civil-rights dispute arises out of the police seizure of firearms possessed by plaintiff Monty Fagnan. On February 25, 2007, nonparty Sandra Fagnan called 911 to report a possible gas leak at her residence in Lino Lakes, Minnesota. At the time of the call, Sandra Fagnan lived with her husband, Gary Fagnan, and her son, Monty Fagnan. Compl. Factual Statement ¶ 1. Defendants Bragelan and Noll, of the City Police Department, were among the first emergency personnel to respond. Trial Tr. 294:1-296:17. Bragelan and Noll waited for the fire department to arrive and accompanied the firefighters into the house. Id. at 297:2-22.

Believing it was the location of the gas leak, the Fagnans directed emergency personnel to the laundry room. Id. at 299:21-24. As the firefighters searched for the leak, Bragelan and Noll

---

[1] Sergeant Christopher Bragelman is identified as "Christopher Bragelan" on the docket. For consistency, the court follows this spelling.

[2] The United States of America and two Alcohol, Tobacco and Firearms agents, Michael Litman and Peter Noble, were dismissed as defendants on January 20, 2011. See ECF No. 22.

conversed with Monty Fagnan about his gun collection, which was stored in an adjoining room. Id. at 299:25-301:16. During the conversation, Noll commented that the barrels of two of the shotguns appeared shorter than eighteen inches, the minimum length permitted under Minnesota law. Id. at 305:14-21. Fagnan replied that the guns were legal and had been purchased from a licensed gun dealer. Id. at 305:22-306:1. The firefighters found no gas leak, and all emergency personnel left the home. Id. at 310:2-3.

After leaving the scene, Bragelan and Noll visited the police armory and compared the length of police-issued shotguns to their memories of Fagnan's weapons. Omnibus Hr'g Tr. 44:18-23. The officers submitted reports of the incident to City police investigators, including defendant Demars. Trial Tr. 311:1-19, 409:24-410:19. After completing his investigation, Demars prepared a search warrant seeking "[s]hort barreled 'sawed off' shotguns ... and any other illegally modified or altered firearms," "[m]anuals ... for weapon modification/alteration," "tools for altering firearms" and "items to show constructive possession of the above items." Flynn Aff. Ex. G, at 00075. Demars sent the warrant application to an Assistant Anoka County Attorney for review. Hammes Aff. Ex. 2, at 3. On February 28, 2007, Judge John C. Hoffman of Anoka County District Court authorized the search warrant for the Fagnan home. Flynn Aff. Ex. G, at 00076.

The warrant was executed later that day. Trial Tr. 313:1-8. City officers seized two shotguns, a hacksaw and a rifle. Flynn Aff. Ex. H, at 00084. During the seizure, three separate officers measured the barrels of the shotguns at a length of fifteen-and-a-half inches. Trial Tr. 417:25-418:5; Hammes Aff. Ex. 6, at 00032; Noble Decl. ¶¶ 3-4. Monty Fagnan was arrested and charged with two counts of felony possession of a short-barreled shotgun, in violation of Minnesota Statutes § 609.67. Flynn Aff. Ex. I. Subsequent to the arrest, Anoka County Judge Daniel Kammeyer issued a search warrant for an airport hangar registered in Fagnan's name. Id. Ex. H, at 00079-80. No property was seized pursuant to the search of the hangar. Id. at 00083.

Fagnan pleaded not guilty to the charges in Anoka County District Court. Prior to trial, the court conducted two contested omnibus hearings on evidentiary issues. After the hearings, the court declined to suppress evidence from the search, finding that "[t]he shotguns obtained as a result of the search ... were lawfully obtained pursuant to a valid search warrant based upon lawfully obtained information." Flynn Aff. Ex. B, at 5. On September 5, 2007, a jury found Fagnan not guilty on both counts.

On September 9, 2010, Fagnan filed this 42 U.S.C. § 1983 lawsuit, alleging Fourth Amendment violations, false arrest, malicious prosecution and abuse of process. Defendants move for summary judgment.

**DISCUSSION**

## I. Standard of Review

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, the court views all evidence and inferences in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. A party asserting that a genuine dispute exists — or cannot exist — about a material fact must cite "particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). If a plaintiff cannot support each essential element of a claim, the court must grant summary judgment because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Celotex, 477 U.S. at 322-23.

## II. Individual Defendants

Section 1983 is not an independent source of rights, and a successful claim must demonstrate a deprivation of a specific right, privilege, or immunity. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). In this case, Fagnan alleges that his constitutional rights were violated when defendants (1) committed an illegal search and seizure in violation of the Fourth Amendment, (2) detained him against his will, (3) committed abuse of process and (4) engaged in malicious prosecution.

Defendants respond that qualified immunity applies. "Qualified immunity protects government officials performing discretionary functions ... from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Crutcher-Sanchez v. Cnty. of Dakota, 687 F.3d 979, 984 (8th Cir. 2012) (citations and internal quotation marks omitted). Violation of a clearly established right means "that the unlawfulness was apparent in light of preexisting law." Chambers v. Pennycook, 641 F.3d 898, 908 (8th Cir. 2011) (citation omitted). The qualified immunity analysis has two components: whether the government official violated the plaintiff's rights and whether the right was clearly established. Pearson v. Callahan, 555 U.S. 223, 232 (2009). Fagnan's claims fail because he cannot demonstrate a violation of a constitutional right.

6

**A. Fourth Amendment Violations**

Fagnan first argues that the search and seizure lacked probable cause. To establish probable cause, a warrant application must "describe circumstances showing a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Keele, 589 F.3d 940, 943 (8th Cir. 2009). "Sufficient information must be presented to the magistrate to allow that official to determine probable cause." Illinois v. Gates, 462 U.S. 213, 239 (1983). "[T]he fact that a neutral magistrate has issued a warrant is the clearest indication that the officers acted in an objectively reasonable manner." Messerschmidt v. Millender, 132 S. Ct. 1235, 1245 (2012) (citation omitted). Police officers, however, may still be liable for executing a warrant when "it is obvious that no reasonably competent officer would have concluded that a warrant should issue." Id. (citation and internal quotation marks omitted).

Here, the warrant application and affidavit were extensive and detailed. The application included specifics of the officers' plain-view observations and their measurements of the police-issued shotguns. Flynn Aff. Ex. G. ¶¶ 4-9. Moreover, the application noted Noll's observation that the "shotguns had standard magazine tubes that hold four 2 3/4 or 3 inch rounds and ... the barrels were cut off just above the magazine tubes." Id. ¶ 6. And although the subsequent search warrant for the airplane hangar did

7

not return contraband, Fagnan had previously stated that he "ha[d] a lot more guns at his airplane hangar." Id. ¶ 8; cf. United States v. Donnelly, 475 F.3d 946, 954 (8th Cir. 2007) (citation omitted) (noting probable cause determination occurs "at the time of the search").

Further, the defendants consulted a police supervisor and an assistant Anoka County attorney prior to executing the warrants. "The fact that none of these officials who reviewed the application expressed concern about its validity demonstrates that any error was not obvious." Messerschmidt, 132 S. Ct. at 1250. Given the amount of detail in the warrant application and the various levels of review, the court finds that the City officers acted reasonably in executing the warrant. As a result, summary judgment on the Fourth Amendment claims is warranted.

Fagnan also argues, however, that the search warrant was obtained through misrepresentations to the court. Fagnan alleges in his complaint that "[p]olice officers obtained a search warrant to enter the Fagnan home by falsely stating to a state judge that Fagnan was in possession of illegal firearms when they knew or should have known that the firearms were of a legally permitted length." Compl. Introduction ¶ 6. Apart from this bald assertion, there is no evidence in the record that the officers misrepresented any facts in the warrant application. Moreover, even if such evidence was in the record, Fagnan would need to show that the

defendants "misrepresented the information or made false statements with the intent to make, or in reckless disregard of whether it made, the affidavit misleading." United States v. Brown, 462 F.3d 1062, 1073 (8th Cir. 2006) (citation omitted).  No such showing of intent is present in the record.  Therefore, to the extent that Fagnan bases his § 1983 claim on these alleged misrepresentations, summary judgment is also warranted.

**B.  False Arrest**

Fagnan next argues that he was improperly detained against his will.  The court construes this as a claim for false arrest.[3]  Where, as here, the claim is for damages, qualified immunity attaches if the officers "had arguable probable cause to make the arrest." Galarnyk v. Fraser, 687 F.3d 1070, 1074 (8th Cir. 2012) (citations and internal quotation marks omitted).  "Probable cause [to arrest] exists when the facts and circumstances within an officer's knowledge are sufficient to lead a person of reasonable caution to believe that the suspect has committed or is committing a crime." Id. (citations omitted).

Here, the officers had, at a minimum, arguable probable cause to arrest Fagnan.  During the search of the Fagnan home, three officers measured the shotguns and found them to be less than the minimum legal length.  Trial Tr. 417:25-418:5; Hammes Aff. Ex. 6

---

[3]  "In civil rights actions, pleadings are to be liberally construed." Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004) (citation omitted).

9

¶¶ 1-2; Noble Decl. ¶¶ 3-4. Monty Fagnan previously admitted that the guns were his when the officers responded to the potential gas leak. Hammes Aff. Ex. 7 ¶ 1. Despite Fagnan claiming on the day of his arrest that the guns were of a legal length and that he was not the true owner, see Fagnan Aff. ¶¶ 5-6, a reasonable officer could conclude that Fagnan was in possession of illegal firearms. Therefore, summary judgment on the false arrest claim is warranted.

### C. Abuse of Process

Fagnan next argues that defendants committed abuse of process.[4] However, "abuse of process - as a claim separate from a claim that there was no probable cause to make the arrest or institute the prosecution - is not cognizable as a civil rights violation under § 1983." Santiago v. Fenton, 891 F.2d 373, 388 (1st Cir. 1989); see also Adams v. Rotkvich, 325 F. App'x 450, 453 (7th Cir. 2009) ("[A]buse of process is not a free-standing constitutional tort if state law provides a remedy for abuse of process."). But see Cook v. Sheldon, 41 F.3d 73, 80 (2d Cir. 1994) ("[S]ection 1983 liability may lie for malicious abuse of criminal

---

[4] Fagnan alleges "[a]buse of process, violating Plaintiff's substantive and procedural due process by requiring him to defend himself in state court for charges that defendant knew or should have known to be without meaningful basis in law or fact." Compl. ¶ 19(ii). Fagnan's attempts to recast his abuse of process claim as a violation of substantive and procedural due process are unavailing.

10

process."). The court finds the reasoning of Santiago persuasive and determines that summary judgment on the abuse of process claim is warranted.

Even if the court were to recast this argument as a state law claim for abuse of process, it would fail. There are "two essential elements to ... an abuse of process claim: the existence of an ulterior purpose and the act of using the process to accomplish a result not within the scope of the proceeding in which it was issued." Bigelow v. Galway, 281 N.W.2d 835, 837 (Minn. 1978). There is no evidence in the record of ulterior purpose. Therefore, summary judgment would be warranted on a state law claim for abuse of process.

**D. Malicious Prosecution**

Fagnan next argues that "notwithstanding their knowing lack of probable cause in their search in the matter, [defendants] pressed for [Fagnan's] prosecution." Compl. ¶ 19(iii). To the extent that Fagnan raises a claim for malicious prosecution, the argument fails. As an initial matter, the court notes that it is unclear whether malicious prosecution is a constitutional violation. Harrington v. City of Council Bluffs, Iowa, 678 F.3d 676, 679-80 (8th Cir. 2012) (citation omitted). If it does exist, the proper inquiry, under the Fourth Amendment, is whether the officers had arguable probable cause to seek the warrant and seize the weapons. See id. at 679 ("Sufficient probable cause would defeat the

11

appellees' § 1983 claims based on malicious prosecution."). As already explained, the officers had, at a minimum, arguable probable cause to effect the warrant and subsequent arrest of Fagnan. Therefore, summary judgment as to the malicious prosecution claim is warranted.[5]

**III. Claims Against the City**

Fagnan also argues that the City is liable. A municipality, however, may not be held liable for its officers' actions unless they are "found liable on the underlying substantive claim." Abbott v. City of Crocker, 30 F.3d 994, 998 (8th Cir. 1994), abrogated on other grounds by Engleman v. Deputy Murray, 546 F.3d 944 (8th Cir. 2008). As already explained, the claims against the individual defendants fail. Therefore, summary judgment is warranted as to Fagnan's claims against the City.

**CONCLUSION**

Accordingly, based on the above, IT IS **HEREBY ORDERED** that the motion for summary judgment [ECF No. 38] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 26, 2012

    s/David S. Doty  
    David S. Doty, Judge  
    United States District Court

---

[5] Because no constitutional violation occurred, the court need not reach defendant's argument that Fagnan should be collaterally estopped from asserting a claim under § 1983.